UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**KEVIN JORDAN,**

    Petitioner,

v.                                         **Case No. 3:15cv00336-MCR-GRJ**

**SECRETARY, DEP'T
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation dated April 5, 2018, recommending that the Petition be denied. ECF No. 24. The parties have been furnished with a copy of the Report and Recommendation and were afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). The Court has made a *de novo* determination of the timely filed objections, ECF No. 25.

**Background**

The Court adopts the procedural and factual history outlined in the Magistrate Judge's Report. ECF No. 24. However, the Court will briefly reiterate some key procedural facts relevant to this Order. Petitioner Kevin Jordan brought the instant Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. In

Ground One of his Petition, Jordan claims his trial counsel, Barry W. McCleary, Esq., was ineffective for failing to introduce certain phone calls into evidence at trial, which he believes would have impeached Detective Smeester's testimony. *See id*. at 5–9. Additionally, Jordan claims that he was denied due process when his postconviction attorney, R. Todd Early, Esq., failed to present evidence of these phone calls at an evidentiary hearing. *See id.* at 9–10.

Jordan first raised his claim that his trial counsel was ineffective for failing to introduce the phone calls into evidence in Ground Five of his state court Amended Motion for Postconviction Relief. *See* ECF No. 16-4 at 98–102. The state court granted an evidentiary hearing on this claim, but ultimately rejected the claim. *See id.* at 262. Specifically, the state court denied relief on the ground that Jordan had failed to produce sufficient evidence of ineffective assistance of counsel, as "no tapes of any relevant phone calls were admitted at evidentiary hearing." *Id.* Thereafter, Jordan appealed but did not specifically appeal the denial of his Ground Five claim. *See* ECF No. 16-5 at 173–184. Instead, Jordan claimed that his due process rights were violated based on attorney Early's failure to introduce evidence of the phone calls at his evidentiary hearing. *See id.* The First District Court of Appeal subsequently affirmed. *Id.* at 220.

**Discussion**

Here, Jordan objects to the Magistrate Judge's finding that his ineffective assistance of trial counsel claim in Ground One of his Petition is procedurally defaulted, arguing that the Magistrate Judge erred by failing to consider and apply the test enumerated in *Card v. Duggar*, 911 F.2d 1494 (11th Cir. 1990). *See* ECF No. 25 at 2–4. At issue in *Card v. Duggar* was whether a federal court could consider a federal claim that a state court found to be procedurally barred in the underlying state postconviction proceedings. *See* 911 F.2d at 1516. Generally, "a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment." *Boyd v. Commissioner, Alabama Dept. of Corrections*, 697 F.3d 1320, 1335 (11th Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)): *see also Card*, 911 F.2d at 1516. In *Card*, the Eleventh Circuit enumerated a three-part test for determining whether a state court's finding of a waiver or procedural bar constituted an independent and adequate state rule of decision. 911 F.2d at 1516. First, "the last state court rendering a judgment in the case must . . . 'clearly and expressly' state that it is relying on waiver as a ground for rejecting the petitioner's claim." *Id.* (citing *Harris v. Reed*, 489 U.S. 255 (1989); *Michigan v. Long*, 463 U.S. 1032, 1042 & n. 7 (1983)). Second, the procedural rule

used by the state court must be an independent state law ground that is not "intertwined with an interpretation of federal law." *Id.* (citations omitted). Lastly, the application of the procedural bar must be adequate, or in other words, the rule "must not be applied in an arbitrary or unprecedented fashion . . . ." *Id.* (citing *NAACP v. Alabama ex rel Patterson*, 357 U.S. 449, 457–58 (1958)).

Jordan's objection lacks merit. Unlike *Card v. Duggar*, the state courts in this case did not deny Jordan's ineffective assistance of trial counsel claim based on a waiver or procedural bar.[1] The Magistrate Judge independently found that the instant claim was procedurally defaulted based on Jordan's failure to raise it in his appeal from the order denying his motion for postconviction relief. ECF No. 24 at 16–18. Because there was no state court decision finding the instant claim to be procedurally barred on independent state law grounds, *Card v. Duggar* does not apply and there is no need to analyze whether an independent and adequate state decision existed that would have barred consideration of the claim in federal court. *See Boyd*, 697 F.3d at 1329–30, 1335–36 (applying the *Card* test when there was a *state court decision* that found a claim raised in postconviction proceedings was not preserved for review); *Card*, 911 F.2d at 1516 (applying the *Card* test when there

---

[1] As noted above, Jordan raised this claim in Ground Five of his Amended Motion for Postconviction Relief, which was denied by the trial court on the merits. Jordan did not raise this claim again until he brought this Petition.

Case No. 3:15cv00336-MCR-GRJ

was a *state court decision* that found the petitioner's claim to be procedurally barred).

Jordan also argues that the Magistrate Judge erred in finding his Ground One ineffective assistance of trial counsel claim procedurally barred because he properly briefed the issue in his state court appeal. *See* ECF No. 25 at 4–5. After reviewing the record, the Court agrees with the Magistrate Judge's finding that Jordan failed to brief this issue in his appeal. *See* ECF Nos. 16–5 at 173–184, 24 at 16–18. Therefore, the Court finds Jordan's Objections without merit.

Having considered the Report and Recommendation, I have determined that the Report and Recommendation should be adopted.

Accordingly, it is now **ORDERED** as follows:

1. The Objections are **OVERRULED**, and the Magistrate Judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. The Petition for writ of habeas corpus, ECF No. 1, is **DENIED.**

3. A certificate of appealability is **DENIED.**

**DONE AND ORDERED** this 28th day of August, 2018.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**